## Miller's Estate.

*Guardian and ward—Surcharge—Costs.*

Where an auditor and the orphans' court have both surcharged a guardian, he will be compelled to pay the costs of the audit.

Argued May 10, 1910. Appeal, No. 156, April T., 1910, by Florence May Miller, from decree of O. C. Butler Co., Dec. T., 1908, No. 25, surcharging accountant in Estate of Florence May Miller. Before HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Decree modified.

Exceptions to report of A. T. Scott, Esq., auditor.
The opinion of the Superior Court states the case.

*Error assigned* was decree surcharging the accountant.

*W. A. Hudson*, for appellant.

*J. W. Hutchison*, for appellee.

OPINION BY MORRISON, J., July 20, 1910:

This is an appeal by the ward from the decree of the orphans' court of Butler county in the adjudication of the final account of George B. Bellis, guardian of Florence May Miller. At the time of this adjudication she was of lawful age and she and her counsel had a full hearing, first, before an auditor and on exceptions to his report before the court below. The auditor surcharged the accountant with the following sums, to wit:

| | |
|---|---:|
| Rent for 76 acre farm | $175.00 |
| Interest | 64.33 |
| Excessive rebate on rental | 7.00 |
| Negligent advances to ward | 140.00 |
| Total | $386.33 |

Also charged accountant with costs of audit amounting to $108. On exceptions and argument, the court below modified the auditor's report as follows, to wit:

Surcharges:

| | |
|---|---|
| On account of rent...................... | $ 75.00 |
| On account of interest.................... | 64.33 |
| On account of excessive rebate ........... | 7.00 |
| On account of ½ the costs............... | 54.00 |
| Total............................. | $200.33 |
| Balance due ward as per account filed.. | 761.21 |
| Total.......................... | $961.54 |
| Less costs..................... | 108.00 |
| Balance due ward......... ... | $853.54 |

The record contains nine assignments of error and conceding that there may be ground for a fair difference of opinion as to the merits of some of them, a careful consideration of the evidence, arguments of counsel and the careful opinion of the learned court below, leaves us unconvinced that there is sufficient merit in these assignments to warrant us in disturbing the decree, except as to the sixth assignment which complains of the court for relieving the accountant from the payment of one-half of the costs. In the circumstances disclosed by the evidence, we are not willing to place half the costs upon the ward. The learned court found the balance due her $853.54 and this was reached by charging her with $54.00 of costs. We sustain that exception so far as to add to the balance due the ward $54.00. This will modify the decree so that it will read, balance due ward $907.54.

The auditor and the court below both surcharged the accountant and, therefore, he ought to pay the costs.

The opinion of the learned court below satisfies us that he gave the testimony and the auditor's report and the exceptions careful consideration and except as above

stated, we are not prepared to modify or reverse his conclusions.

As modified, the decree is affirmed and the other assignments are overruled, and it is further ordered that the appellee pay the costs of this appeal.